No. 2415.
Second Circuit.

---

FIRST NATIONAL BANK OF ARCADIA v. GANTT, ET AL.

---

(April 10, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes—Par. 216, 219.**

Under Section 57 of the Negotiable Instruments Act No. 64 of 1904, the presumption is that the holder of a note acquired before maturity holds free from defects of title in prior holders.

2. **Louisiana Digest—Bills and Notes—Par. 225, 226, 227.**

In a suit for the collection of promissory notes the mere statement of the defendants that the "plaintiff acquired the notes through fraud" should be excluded from the evidence on the objection of the plaintiff.

3.  **Louisiana Digest—Bills and Notes—Par. 131.**

Where the makers of promissory notes did not claim to have been defrauded until after they were purchased by the plaintiff it was too late for them to defeat the collection of the notes by claiming fraud on the part of the plaintiff.

Appeal from the Second Judicial District Court of Louisiana, Parish of Claiborne, Hon. John S. Richardson, Judge.

Action by First National Bank of Arcadia against G. W. Gantt, et al., for the collection of two promissory notes.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

R. L. Williams, of Arcadia, attorneys for plaintiff, appellee.

H. C. Drew, of Minden, attorney for defendants, appellants.

WEBB, J.   On June 14, 1924, the defendants gave two promissory notes to the Safety Lock Company, each for the sum of two hundred and ten dollars, etc., payable, respectively, at ninety days and four months from date, which notes were acquired for a valuable consideration on June 22, 1924, by the plaintiff, and in this action plaintiff seeks to obtain judgment against the drawers for the amount of the notes, etc.

The defendants allege that the notes were obtained through fraud, in that the payee had sold them the right to sell certain commodities in a neighboring parish under representations that no one had "worked" the territory, when the fact was the territory had been "worked" and plaintiff had been advised of the circumstances under which the notes had been given and requested it not to purchase the notes.

Trial was had in the District Court and judgment rendered in favor of the plaintiff for the amount claimed, and defendants appealed.

### OPINION.

It is conceded the presumption is that the holder of a note acquired before maturity holds free from defects of title in prior holders (Neg. Instr. Act, Sec. 57), but it is contended that the evidence showing the notes were given or obtained by the payee through fraud; the defendant must establish that it acquired the notes in due course (Neg. Instr. Act, Sec. 591), and the evidence being at least conflicting as to whether or not the defendant had actual knowledge of the defect in the title of the payee, that the judgment should be reversed.

The evidence indicates that the notes were given by the defendants in pursuance of a written contract which they did not see fit to offer in evidence, the stipulations of which they were not permitted to prove by parol, and the only evidence in the record as to whether or not the notes were obtained by fraud is the statement of defendants, admitted over the objections of plaintiff, that the notes were obtained by fraud.

We are of the opinion that the objection should have been sustained, and that there is no evidence in the record showing fraud, and the plaintiff must be held to be the holder of the notes free of any defect of title in the payee.

However, even if the evidence had estab-

lished that the notes were given and obtained by fraud practiced upon the drawers, we are of the opinion the preponderance of the evidence establishes that plaintiff did not have knowledge of the fraud which may have been practiced upon the drawers and that the drawers did not claim to have been defrauded until after the date of the purchase of the notes by the plaintiff.

For the reasons assigned, the judgment is affirmed.